UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PAUL CARCHIETTA, :<br>:<br>Plaintiff, :<br>:<br>v. :<br>:<br>MICHAEL RUSSO et al., :<br>:<br>Defendants. :<br>:<br>: | Civil Action No. 11-7587 (SRC)<br><br>**OPINION AND ORDER** |

**CHESLER**, District Judge

This matter comes before the Court on the motion for summary judgment, pursuant to Federal Rule of Civil Procedure 56, by Defendants Borough of Cliffside Park (the "Borough"), Donald Keane ("Keane"), Gerald Calabrese ("Calabrese"), and Michael Russo ("Russo") (collectively, "Defendants.")  For the reasons stated below, the motion will be granted.

In brief, this case arises from an alleged love triangle, in which Plaintiff Paul Carchietta is the husband, Eliota Carchietta ("EC") is the wife/ex-wife, and Defendant Michael Russo is the alleged rival.  In brief, the Amended Complaint alleges that Russo was a police captain with the Cliffside Park Police Department, and that an incident occurred in which Russo detained Plaintiff at the police station.  Furthermore, the Amended Complaint alleges that Russo and EC engaged in an adulterous relationship.

Defendants first move for summary judgment on Count Five, against Russo, which asserts a claim, pursuant to 42 U.S.C. § 1983, that the alleged detention violated Plaintiff's Fourth Amendment rights.  Plaintiff bears the burden of proof of a § 1983 violation.  "[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the

moving party may be discharged by 'showing' — that is, pointing out to the district court — that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Russo, as the movant without the burden of proof at trial, satisfies his initial summary judgment burden by pointing to the absence of evidence of the § 1983 violation.

Once the moving party has satisfied this initial burden, the party opposing the motion must establish that a genuine issue as to a material fact exists. Jersey Cent. Power & Light Co. v. Lacey Township, 772 F.2d 1103, 1109 (3d Cir. 1985). "A nonmoving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial." Gleason v. Norwest Mortg., Inc., 243 F.3d 130, 138 (3d Cir. 2001).

Plaintiff's opposition brief contains no citation to any evidence of record. Plaintiff argues, in short, that his testimony raises a factual dispute over whether he was detained by Russo at the police station, and that a jury needs to decide whether to believe Plaintiff's account of the incident, or Russo's. Russo, in reply, argues that Plaintiff's testimony, as contained in his certification, supports only the inference of a subjective belief about detention, and that there is no evidence that would support the inference that Plaintiff's belief in a detention was objectively reasonable.

The Fourth Amendment to the Constitution guarantees that "[t]he right of the people to be secure in their persons . . . against unreasonable searches and seizures, shall not be violated." Fairly recently, the Third Circuit summarized the basic principles of the unreasonable seizure inquiry as follows:

> An actual physical touching is not required to constitute a seizure of a person, but in the absence of a physical touching, there must be a submission to an officer's show of authority. *California v. Hodari D.*, 499 U.S. 621, 626 (1991). As a corollary, the deprivation or restraint of a person's liberty may be physical, or it

2

> may be that "in view of all of the circumstances surrounding the incident, a reasonable person would have believed he was not free to leave." *United States v. Mendenhall*, 446 U.S. 544, 554 (1980) (plurality). *Cf. Brendlin v. California*, 551 U.S. 249, 255 (2007) ("[T]he 'coercive effect of the encounter' can be measured . . . by asking whether 'a reasonable person would feel free to decline the officers' requests or otherwise terminate the encounter.'" (quoting *Florida v. Bostick*, 501 U.S. 429, 435-36 (1991)). So, while an officer merely asking a citizen questions may not be a seizure, circumstances indicating a seizure might include "the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or the use of language or tone of voice indicating that compliance with the officer's request might be compelled." *Mendenhall*, 446 U.S. at 554 (plurality).

Black v. Montgomery Cnty., 835 F.3d 358, 365 (3d Cir. 2016). As applied to this case and this claim, the key question is whether, in view of all of the circumstances surrounding the incident at the police station, a reasonable person would have believed he was not free to leave. As applied to the instant motion for summary judgment, to raise a factual dispute, Plaintiff must point to evidence which would allow a reasonable jury to find in his favor at trial.

Plaintiff offers his certification, dated December 6, 2016, which states that, on December 29, 2009, Russo called him and said, "You have one of those things down here. Come down here and get it." (Pl.'s Cert. ¶ 5.) When Plaintiff presented himself to Russo at the police station, Russo gave him a domestic violence temporary restraining order, and Russo told Plaintiff that the municipal court judge wanted EC to get $600 from Plaintiff. (Id.) The certification then states:

> Russo detained me, and would not allow me to leave the CPPS other than to go to the bank and immediately return with cash, until I had given the $600 cash to him. During that time, I did not believe that I was free to leave, other than for the limited purpose of going to the bank for cash; and I believed that if I left and did not return, Russo would have apprehended me and jailed me.

(Id.) As Russo contends, this evidence supports the inference that Plaintiff believed that he was not free to leave. The legal standard, however, requires more: the evidence must support the

3

inference that a reasonable person would have believed he was not free to leave. The problem, for Plaintiff, is that his certification alleges no facts to support any inference about what a reasonable person would have believed. The certification says nothing about what Russo did, except to contact Plaintiff, present him with the restraining order, and state that the judge wanted Plaintiff to pay his ex-wife $600. Plaintiff has pointed to no evidence from which a reasonable jury could conclude that, under all the circumstances of this incident, a reasonable person would have believed he was not free to leave the police station. Additionally, there is no dispute that Plaintiff did, in fact, leave the police station twice that day. Plaintiff has failed to raise a factual dispute about whether Russo violated his Fourth Amendment rights. As to Count Five, Plaintiff has failed to defeat Russo's motion for summary judgment.

Russo also moves for summary judgment on Count Ten, for an illegal seizure in violation of the New Jersey State Constitution. Plaintiff does not offer a different argument on this point from the argument about Count Five and, indeed, the issues are sufficiently similar that the motion for summary judgment on Count Ten will be granted, for the reasons already discussed.

Russo next moves for summary judgment on Count Eleven, which asserts that Russo and EC conspired to violate Plaintiff's rights, using Russo's state law authority, in violation of 42 U.S.C. § 1988. Plaintiff does not oppose this part of the motion, and the Court interprets this as an abandonment of Count Eleven. As to Count Eleven, the motion for summary judgment will be granted.

Defendants next move for summary judgment on Counts Twelve through Seventeen, all of which assert claims for violations of state and federally-protected civil rights through unconstitutional practice, custom, and usage of the police department and Borough. Defendants

contend that Plaintiff has no evidence of any unconstitutional practice or custom in the police department or Borough. In opposition, Plaintiff makes two arguments. First, Plaintiff contends that "the use of police resources by officers of the CPPD to advance their adulterous relationships [was] so common and well-known as to constitute a policy." (Pl.'s Br. 3.) Setting aside, for the moment, the question of the evidence in support of the contention that police officers customarily used police resources to advance adulterous relationships, the Court queries how, even if true, such a policy would constitute a violation of Plaintiff's constitutional rights. Plaintiff points to no authority for the proposition that either the federal Constitution or that of the State of New Jersey protects a party from spousal infidelity, or from third parties' romantic entanglements with a spouse. Plaintiff has failed to point to any legal basis for a claim that his constitutionally-protected civil rights were violated by this alleged policy. Plaintiff's second point is that this Court should hold the Borough liable for this alleged policy, which fails for the same reason.

Lastly, in opposition, Plaintiff argues that Russo's "persistent telephone calls" to Plaintiff violated his right to be left alone, recognized by the Supreme Court in <u>Olmstead v. U.S.</u> This argument appears to be unmoored to the Amended Complaint and to the instant motion for summary judgment. None of the claims at issue in Defendants' motion asserts that Russo's telephone calls to Plaintiff violated a right to be left alone. This argument has no relevance to the instant motion.

In conclusion, Defendants have moved for summary judgment on Counts Five and Ten though Seventeen in the Amended Complaint. Plaintiff has failed to raise any issue that precludes the entry of Judgment as a matter of law, and Defendants have thus demonstrated that

they are entitled to Judgment as a matter of law on these claims.  Defendants' motion for summary judgment will be granted in its entirety.

For these reasons,

**IT IS ON** this 23rd day of January, 2017

**ORDERED** that Defendants' motion for summary judgment (Docket Entry No. 135) is **GRANTED** and Judgment in Defendants' favor is hereby entered on Counts Five and Ten through Seventeen in the Amended Complaint.

                                                                                             s/ Stanley R. Chesler  
                                                                                           STANLEY R. CHESLER  
                                                                              United States District Judge